UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAUREL MILLER,

    Plaintiff,

v.

DOLLAR TREE STORES, INC., d/b/a
DOLLAR TREE and DWM, INC. d/b/a
DWM FACILITIES MAINTENANCE,

    Defendants.

CAUSE NO. 3:22-CV-93 DRL

## OPINION AND ORDER

Laurel Miller says she tripped and fell over an industrial floor mat in the entry vestibule of a Dollar Tree in Warsaw, Indiana. She sued Dollar Tree and DWM Facilities Maintenance (DWM) for negligence. Both defendants moved for summary judgment. Dollar Tree and Ms. Miller thereafter settled, leaving only DWM's motion for ruling. The court grants the motion.

## BACKGROUND

Because DWM's motion is uncontested by Ms. Miller, the court deems all supported factual assertions by DWM to be true. *See* Fed. R. Civ. P. 56(e)(2). On March 22, 2020, Laurel Miller entered a Dollar Tree store in Warsaw, Indiana. The Dollar Tree entrance had a set of double doors (non-automatic) that opened into a carpeted "vestibule" area, which then had another set of double doors to enter the store. Ms. Miller entered through the first set of double doors. As she did, she didn't see anything amiss or broken with the first set of doors, nor did she have any problems using the door.

At some point after letting go of the door, the door hit her on the backside and hip, but this didn't cause her fall. Instead, she says her foot got caught on something that caused her to fall. She thinks she may have tripped on the carpet.

DWM is a corporation that provides site inspection and maintenance procurement services for Dollar Tree Stores. DWM requires a written request from Dollar Tree for maintenance, whereupon DWM will secure a local subcontractor to perform the requested maintenance. DWM doesn't conduct maintenance at the Warsaw Dollar Tree. At the time of Ms. Miller's fall, DWM did not provide carpet or mat maintenance services at the Warsaw Dollar Tree. DWM only procured maintenance services for the entrance doors of the Warsaw Dollar Tree.

## STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in her favor. *Weaver v. Speedway, LLC*, 28 F.4th 816, 820 (7th Cir. 2022). The court must construe all facts in the light most favorable to the non-moving party, viewing all reasonable inferences in that party's favor, *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1051 (7th Cir. 2020), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Joll v. Valparaiso Cmty. Schs.*, 953 F.3d 923, 924-25 (7th Cir. 2020).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* The court must grant a summary judgment motion when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011).

## DISCUSSION

Pursuant to N.D. Ind. Local Rule 7-1(d)(5), the court may rule summarily when a party declines to respond to a motion. This "does not mean that a party's failure to submit a timely filing automatically

results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Such a decision just "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.* The court still must determine whether the movant is entitled to judgment under the law. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

Ms. Miller claims that DWM negligently performed work or maintenance at Dollar Tree's entrance. "To prevail on a theory of negligence, a plaintiff must prove: (1) that the defendant owed plaintiff a duty; (2) that it breached the duty; and (3) that plaintiff's injury was proximately caused by the breach." *Winfrey v. NLMP, Inc.*, 963 N.E.2d 609, 612 (Ind. Ct. App. 2012). "The mere allegation of a fall is insufficient to establish negligence, and negligence cannot be inferred from the mere fact of a fall." *Brown v. Buchmeier*, 994 N.E.2d 291, 294 (Ind. Ct. App. 2013). The first step of the inquiry, whether a duty exists, is a question of law to be decided by the court. *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 394 (Ind. 2016). Summary judgment may be appropriate in a negligence action if "the defendant demonstrates that the undisputed facts negate at least one element of the plaintiff's claim." *Straley v. Kimberly*, 687 N.E.2d 360, 364 (Ind. Ct. App. 1997).

The court starts with the duty element. "The duty to exercise care for the safety of another arises as a matter of law out of some relation existing between the parties, and it is the province of the court to determine whether such a relation gives rise to such duty." *Neal v. Home Builder's, Inc.*, 111 N.E.2d 280, 285 (Ind. 1953); *see also Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011) (discussing duty analysis). Ms. Miller hasn't shown that DWM owed her a duty of care, no matter the cause of the fall or her injuries.

Ms. Miller says that she thinks she fell because of a bunched up industrial mat or carpet in the entry vestibule of the Warsaw Dollar Tree. But DWM never performed any work on the carpet, mat, or any other part of the entry vestibule of this store. DWM had no control over this area. It provided no maintenance services for this store. It had no duty and assumed no duty. "It is apparent that the actor must specifically undertake to perform the task he is charged with having performed negligently, for

3

without the actual assumption of the undertaking there can be no correlative legal duty to perform the undertaking carefully." *Vandenbosch v. Daily*, 785 N.E.2d 666, 669 (Ind. Ct. App. 2003). Without a duty, Ms. Miller's negligence claim fails. *Harris v. Traini*, 759 N.E.2d 215, 222 (Ind. Ct. App. 2001) ("In the absence of the existence of a duty, there can be no negligence").

DWM procured maintenance services for the entry doors of the Warsaw Dollar Tree, but the doors weren't the reason for Ms. Miller's fall. Even so, DWM did not perform maintenance work. The company was just a "middle-man" between Dollar Tree and subcontractors who performed maintenance on site. To prevail on a claim of negligence, Ms. Miller must show some factual evidence that a negligent condition existed—caused by DWM's negligence. *See Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458-59 (Ind. Ct. App. 2000). No evidence permits a reasonable jury to find that any negligent condition that caused her injuries existed because of something DWM unreasonably did or did not do.

For two reasons then, both duty and causation, the court must grant summary judgment for DWM. DWM also filed an objection to the dismissal of Dollar Tree as a defendant in this matter and requested leave to amend its answer to include a nonparty defense against Dollar Tree. That objection, given today's ruling, is moot.

## CONCLUSION

Accordingly, the court GRANTS DWM's summary judgment motion [ECF 40], OVERRULES AS MOOT DWM's objection to Dollar Tree's dismissal, and DENIES AS MOOT its request to amend its answer [ECF 44], and DENIES AS MOOT Dollar Tree's summary judgment motion [ECF 37]. The court ORDERS Dollar Tree and Ms. Miller to submit dismissal papers by August 14, 2023 so the court may enter final judgment as to all claims and all parties.

SO ORDERED

July 21, 2023                                         *s/ Damon R. Leichty*
                                                     Judge, United States District Court